IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. **06-31-JJF** |
| **SALVADOR MARTINEZ-TORRES** | : | |

### DEFENSE COUNSEL'S RESPONSE TO PRO SE MOTION TO DISMISS PRESENT COUNSEL, APPOINT NEW COUNSEL, AND GRANT CONTINUANCE

## I. BACKGROUND

_____Undersigned counsel was appointed to represent Salvador Martinez-Torres under the Criminal Justice Act on March 31, 2006. By Indictment dated March 28, 2006, Salvador Martinez-Torres and co-defendants Francisco Barrera-Lopez and Jose Luis Becerra-Yepez, were charged with one count of conspiracy to distribute five kilograms or more of mixtures and substances containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841 (a)(1) and (b)(1)(A), and 21 U.S.C. § 846.

Since her appointment, counsel has done the following:

1. Visited Mr. Martinez-Torres at prison on April 4, 2006, within days of her appointment as his counsel. On this occasion, undersigned counsel spent almost two hours with her client, gathering the facts of the case, personal information and preparing him for his preliminary hearing and detention hearing on April 6, 2006.

2. Appeared at the preliminary hearing and detention hearing on April 6, 2006, at which

Mr. Martinez-Torres entered a plea of not guilty, and by agreement, undersigned counsel requested a continuance for the filing of pre-trial motions until June 2, 2006.

3. Spoken with Defendant's spouse by telephone on April 10, 2006.

4. Written Defendant in his native language of Spanish on May 11 and June 5, 2006, and enclosed discovery in the case. Undersigned counsel is fully bilingual in both languages, Spanish and English.

5. Visited Defendant at prison on May 30, 2006, again spending almost two hours with Defendant. On this visit, undersigned counsel brought with her the laboratory report concerning the weight of the drug involved, as well as Defendant's rap sheet. Undersigned counsel specifically pointed out to defendant that the amount of the drug was less than 5 kilos, thereby warranting a lower sentence. Also, in discharge of her professional responsibility, counsel explained in detail to Defendant the plea offer.

6. Filed a motion requesting an extension for the filing of pre-trial motions on June 2, 2006. Said motion was filed in light of the withdrawal of the Government's plea offer, originally extended to Defendant on May 19, 2006, and withdrawn on June 1, 2006.

## II. RESPONSE TO DEFENDANT'S MOTION FOR REMOVAL OF COUNSEL

On June 6, 2006, defendant Martinez-Torres filed a pro se "Motion to Dismiss Present Counsel Appoint New Counsel and Grant Continuance." In addition, on June 5, 2006, Defendant filed a letter motion to similar effect dated May 31, 2006.

In his Motion, Defendant alleges that "[s]ince the time of Defendant's arrest, counsel Ubel G. Velez has manifested her belief in Defendant's guilt and consequently has done nothing but try

to get Defendant to plead guilty." Defendant's Motion at ¶ 1. This is not an accurate summary of undersigned counsel's activities. Instead, defense counsel has, in fulfillment of her professional responsibility, reviewed with Defendant the discovery in the case,[1] including Defendant's criminal record, and discussed the merits of a guilty plea.

Defendant also alleges that "[a]ll meetings between Defendant and counsel have disintegrated into shouting matches. . ." Defendant's Motion at ¶ 2. Undersigned counsel has never raised her voice to Defendant. All meetings between Defendant and counsel were conducted within an atmosphere of outmost respect and courtesy to the parties. In addition, Defendant alleges that undersigned counsel "has not even ascertained the drug amount that she wants the Defendant to plead guilty to." Id. As noted in paragraph 5, above, during her visit with Defendant at prison on May 30, 2006, defense counsel specifically discussed with Defendant the laboratory results indicating that the drug quantity involved was actually slightly less than 5 kilos, and discussed the significance of this fact with Defendant.[2]

Finally, Defendant states that he "has lost faith in counsel." Defendant's Motion at ¶ 3. Accordingly, undersigned counsel has no objection to Defendant's Motion for her removal from this case. It is apparent that the trust necessary for an effective attorney-client relationship does

---

[1]Defendant's "letter motion" alleges that "no ground work has been laid out to establish exactly what evidence the Prosecution has." Defense counsel has reviewed the Government's discovery in prison visits with Defendant, and has also mailed the discovery to him.

[2]In his "letter motion," Defendant states "[t]he drug amount is especially of great importance. It is not necessary to secure a conviction in this case but is crucial in sentencing." Defense counsel has shown Defendant the lab report reflecting the fact that the drug amount is less than 5 kilos, and has specifically discussed with Defendant the impact on sentencing.

not exist in this case. In addition to performing the above tasks as any effective counsel would, undersigned counsel has consistently relayed her professional opinion to Defendant.

## III. CONCLUSION

Thus, undersigned counsel will gladly consent to her removal as defense counsel in this matter. For the record, however, undersigned counsel wishes the Court to know that she has done everything possible to effectively represent Defendant.

Respectfully submitted,

*s. Ubel G. Velez*
Ubel G. Velez, Esquire
Attorney for Salvador Martinez-Torres
24 Wilmont Mews
P.O. Box 3287
West Chester, PA 19382
(610)431-0809

Date: June 7, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA            :

                    v.              :        CRIMINAL NO. **06-31-JJF**

**SALVADOR MARTINEZ-TORRES**        :

## CERTIFICATE OF SERVICE

I, Ubel G. Velez, Esquire, do hereby certify that on this 7th day of June, 2006, I did serve

true and correct copies of Defense Counsel's Response to Pro Se Motion to Dismiss Present

Counsel, Appoint New Counsel, and Grant Continuance by electronic means upon Assistant

United States Attorney Adam Safwat, and by U.S. first class mail, postage prepaid, upon the

following:

    Salvador Martinez Torres, Defendant
    Salem County Correctional Facility
    125 Cementery Road
    Woodstown, New Jersey   08098.

                        *s. Ubel G. Velez*
                        Ubel G. Velez, Esquire
                        Attorney for Salvador Martinez-Torres

**UBEL G. VELEZ LAW OFFICE**
**24 Wilmont Mews, West Chester, PA 19382**
**(610) 431-0809**                    -5-