UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-31-JJF |
| | : | |
| FRANCISCO BARRERA-LOPEZ, | : | |
| SALVADOR MARTINEZ-TORRES, | : | |
| and JOSE LUIS BECERRA-YEPEZ, | : | |
| | : | |
| Defendants. | : | |

**MOTION TO SUPPRESS EVIDENCE**

Defendant, Salvador Martinez-Torres, by and through his counsel, Christopher S. Koyste, hereby moves the Court, pursuant to Federal Rule of Criminal Procedure 12(b) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, to suppress any and all evidence obtained as a result of the statements made by Defendant. Furthermore, in the event that the government seeks the introduction of audio tapes and transcripts, the Defense requests a hearing pursuant to U.S. v. Starks, 515 F.2d 112, 121 (3d Cir 1975) to determine whether the government has met its burden of proof regarding the admissibility of said audio tapes and transcripts.

In support of this motion Mr. Martinez-Torres submits the following:

**I.  FACTUAL SUMMARY**.

1. Mr. Martinez-Torres and his co-defendants were arrested by Special Agents of the Drug Enforcement Agency (hereinafter "DEA") and other local law enforcement officers on March 24, 2006 at the Delcastle Recreational Park in Wilmington, Delaware.  Approximately 5 kilograms of cocaine was found in an automobile in which Mr. Yepez and Mr. Lopez were passengers.  Mr.

Martinez-Torres was indicted for one count of conspiring to distribute 5 kilograms of cocaine in violation of Title 21, U.S.C. Section 841(a)1 and (b)(1)(A) and Title 18 U.S.C. Section 2.

2. According to the government's allegations, between March 9, 2006 and March 24, 2006 Mr. Martinez-Torres was engaged in a series of phone calls between himself and a paid cooperating informant and an under cover DEA Special Agent. As part of the government's discovery response, the Defense has been provided with copies of all of the audio-tapes, but only the transcripts for only the first day of conversations.

3. On March 24, 2006, Mr. Martinez-Torres was arrested and taken into custody and interrogated by law enforcement officers. Mr. Martinez-Torres is alleged to have made incriminating statements during his interrogation.

## II. MOTION TO SUPPRESS STATEMENTS AND ANY EVIDENCE DERIVED FROM THOSE STATEMENTS.

4. The Defense challenges the admissibility of any statements Mr. Martinez-Torres may have made. Mr. Martinez-Torres asserts that the statements were obtained in violation of Miranda v. Arizona, 384 U.S. 436 (1966), and the Fifth and Sixth Amendments to the United States in that they were not the result of a knowing, intelligent and voluntary waiver of his right to remain silent and his right to counsel. See Edwards v. Arizona, 451 U.S. 477, 485 (1981); Michigan v. Mosley, 423 U.S. 96, 100-101 (1975); Miranda, 384 U.S., at 473-474. The United States bears the burden of proof to establish by a preponderance of the evidence whether Mr. Martinez made a knowing, voluntary and intelligent waiver of his Miranda rights. A trial court must make this determination considering the "totality of the circumstances." Oregon v. Bradshaw, 462 U.S. 1038, 1046 (1983)(quoting

Edwards v. Arizona, 451 U.S. 476, 486 n. 9 (1981)).  Mr. Martinez-Torres objects to any evidence that was later obtained based on the fruit of the poisonous tree doctrine.  Wong Sun v. United States, 371 U.S. at 487-488.

**III.   MOTION TO PRECLUDE THE USE OF RECORDED TELEPHONE CONVERSATIONS AND TRANSCRIPTS.**

5.  According to U.S. v. Starks, 515 F.2d 112, 121 (3d Cir. 1975), the government has the burden to produce evidence relating to the items' authenticity and accuracy so as to lay a proper foundation to allow its use at trial.  In the event that the government intends to admit recordings of telephone conversation and transcripts of said recordings, Mr. Martinez-Torres requests a Starks hearing to determine the admissibility of said items.

6.  The Defense objects to the admission of the audio recordings and transcripts based on all seven Starks factors.  Id. at 121 n. 11.  The Defense challenges the preservation methods utilized, the chain of custody, the authenticity and quality of the tapes and whether changes or deletions were made to the tapes.  The audio quality of the tape recordings is at times poor, and since the government has not yet provided the Defense with transcripts in relation to all of the recordings, the Defense cannot take a position in relation to what was said in the recordings.  Furthermore, the Defense asserts that the transcript of the March 9, 2006 recording is materially inaccurate and must be ruled inadmissible at trial.  The Defense challenges the government's identification of the speakers on the recordings.  Also, the Defense challenges whether the recordings were made in good faith and without any kind of inducement.  Thus, the Defense asserts that the government cannot meet its burden to establish all of the seven Starks factors.  Therefore, the audio recordings and transcripts must be found inadmissible at trial.

3

**IV.    ADDITIONAL PRE-TRIAL MOTIONS.**

7. Mr. Martinez-Torres requests leave of Court to file additional motions as the circumstances require.

Wherefore, Mr. Martinez-Torres respectfully requests an evidentiary hearing on this motion and an opportunity to support this motion by briefing after the hearing. Thereafter, Mr. Martinez-Torres requests this Court to issue an order suppressing the noted evidence.

      /s/ Christopher S. Koyste
Christopher S. Koyste, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware  19801
Attorney for Defendant Martinez-Torres

DATED: November 6, 2006

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this Motion to Suppress Evidence is available for public viewing and downloading and was electronically delivered on November 6, 2006 to:

Edmond Falgowski, Esq.
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19801

This motion was also sent via first class U.S. Mail to:

Jose Luis Ongay, Esq.
521 South 2nd Street
Philadelphia, PA 19147-2417
(215) 928-0859

Joseph W. Benson, Esq
1701 North Market Street
P.O. Box 248
Wilmington, Delaware 19899

                                                       /s/
CHRISTOPHER S. KOYSTE, ESQUIRE
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
Attorney for Salvador Martinez-Torres