IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-31-02-JJF |
| ) | |
| SALVADOR MARTINEZ-TORRES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Salvador Martinez-Torres, by and through his attorney, Edson A. Bostic, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall waive indictment and enter a plea of guilty to a one count information, charging conspiracy to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and(b)(1)(C), and 846, carrying the maximum penalty of twenty years incarceration, a $1,000,000 fine, a life term of supervised release with a minimum term of three years supervised release, and a $100 special assessment. At sentencing the United States will move to dismiss the Indictment as it relates to and charges the defendant.

2. The elements of conspiracy to distribute cocaine are as follows:

FILED

APR - 2 2008

      a.    that two or more persons conspired, or agreed, to commit the crime of distribution of cocaine; and

      b.    that the defendant knowingly and voluntarily joined the conspiracy.

3.    Provided that the United States does not learn after the defendant's entry of a guilty plea of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

4.    The Unites States agrees to recommend time served at sentencing. The defendant understands that this recommendation is not binding on the Court and that the Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5.    The defendant agrees to pay the special assessment of $100 at the time of sentencing or, if the Court orders a prison sentence, to voluntarily enter the United States Bureau of Prisons administered Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of any outstanding debt ordered.

6. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
Edson A. Bostic, Esquire
Attorney for Defendant

COLM F. CONNOLLY
United States Attorney

By: _____
Edmond Falgowski
Assistant United States Attorney

Salvador Torres Martinez
_____
Salvador Martinez-Torres
Defendant

Dated: 4-2-08

AND NOW, this ___3___ day of ___April___, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted)(rejected) by this Court.

_____
Honorable Joseph J. Farnan JR.
United States District Court

3